J. T. Dunn et al., Defendants in Error, v. Thomas J. Fitzgerald, Plaintiff in Error.

### Gen. No. 14,888.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presidng. Heard in this court at the March term, 1909, Affirmed. Opinion filed July 14, 1910.

SAUL C. ERBSTEIN, for plaintiff in error.

CHARLES R. YOUNG and RUDOLPH WOLFNER, for defendants in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a writ of error by which plaintiff in error, the defendant in the lower court, seeks to reverse a judgment against him for money claimed by the plaintiffs to be due them for merchandise sold and delivered. The cause was submitted to and tried by the court without a jury.

No questions are involved except those of fact. The plaintiffs' business is that of butchers dealing in meats at wholesale. There is testimony in their behalf tending to show that in December, 1907, they had been having business dealings with one John Fitzgerald, a brother of the defendant; that on December 18th of that year John Fitzgerald had become indebted to them and the prospect of getting the balance which he owed them "did not look very good;" that plaintiffs refused therefore to sell him any more goods; that John told them that his brother, the defendant, would pay for all the goods he bought, and finally induced Havey, one of the plaintiffs, to go with him to the Stock Yards Savings Bank to see the defendant, who was cashier of that Bank; that at that interview the defendant told Havey to let John Fitzgerald have all the goods he wanted and render a bill to him, the defendant, and he would pay for all the goods; that thereafter the bills were rendered to defendant, amounting all together to $1,464.95, of which defendant paid from time to time all but a balance of $466.50, which balance he promised several times to pay, but failed to do so; that the payments by defendant were made by means of checks on the Stock Yards Savings Bank signed by defendant as cashier; that the bills so paid by defendant were made out to John Fitzgerald, but were all delivered to defendant at the bank; that after the interview of December 18, 1907, plaintiffs had nothing to do with John Fitzgerald, except to deliver the goods to him. Dunn, the other plaintiff, testifies that on

one occasion he called on defendant with a bill and defendant said his wife was sick and he did not have the money and to come again. Later his partner went and defendant paid the bill.

In defendant's behalf there is his testimony tending to show that defendant is cashier of the Stock Yards Savings Bank, with which he had at the time of the trial been connected for eighteen years; that on December 18, 1907, the plaintiff Havey, in company with defendant's brother John, came to the bank and told defendant the plaintiffs were going to start selling sheep to John and asked defendant if he "would go good for them;" that defendant said "No," and told Havey "at the time if he got in with John that John would do him, meaning he would beat him." Defendant says that the next day "Havey and John came in again and Havey wanted me to do the business—wanted me to go and act for John;" that defendant said, "No, he will stick you, he will stick everybody that he has anything to do with," and that Havey said, "If John lets the money here I will handle it," and that defendant said "No, I didn't want to handle anything that he has got;" and that Havey said, "It is not any more than right that you handle your brother's money. I am willing to give him a chance, and if you will take the money and turn it over to me when he pays, all right;" and that defendant said, "All right. I will give you a cashier's check for all the money he leaves here, but don't let him go over a day. He will stick you." After that defendant testifies that he saw Havey every day; he would bring in the bill and John would leave the money. Defendant would pay the bill, and says he would get the money from John. Defendant denies that he told Havey to let John have all the goods he wanted and that he said he "would stand good for it." John Fitzgerald also testifies that defendant merely agreed to receive the money from him and pay it to Havey if John should give it to defendant.

There is direct conflict in the testimony. It was the province of the court which heard the evidence and had the witnesses before it to settle the issue of fact. The evidence

amply justifies the finding.  We discover in the record no reason which would justify this court in disturbing the judgment.  The presiding judge in the trial court had opportunities of observing the witnesses, their demeanor on the witness stand and during the trial which should have enabled him to determine their credibility better than we can possibly. do from the record only.  The finding and judgment are by no means clearly and manifestly against the evidence, and in accordance with numerous and well settled precedents should not be disturbed.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*